HEARD vs. FOSTER, trustee.

In the case of *Thornton, ordinary, vs. Willis, trustee,* 65 *Ga.,* 184, 188, this court held that the item of the will invoked in the present litigation did not give the property in kind to the legatees, but after directing the sale of all of it, one-sixth part of the proceeds was to be paid to each of them.

(*a.*) While the claimant in the present case was not a party to the suit in which this land was charged with the payment of the debt due the plaintiff in execution, yet, if she ever had title, she had conveyed it to the defendants in execution jointly with her husband, and they set up her rights to defeat the plaintiff's claim.

(*b.*) If the marital rights of claimant's husband never attached, but her legacy had been diverted and misappropriated by him and the executors of the estate, with the connivance and participation of others, including the defendants, this cannot be set up and determined in this case, for want of proper parties.

Judgment affirmed.

April 2, 1883.

HALL, Justice.

[This case arose from the levy of a *fi. fa.* in favor of Foster, trustee, against Inman, Swann & Co., upon certain land, to which a claim was interposed by Mrs. Heard, the widow of Stephen D. Heard, and a daughter of Richard J. Willis, who died testate in October, 1866. His will appointed Heard one of the executors thereof, and the latter qualified and acted in that capacity. The testator directed a sale of his property and a division of its proceeds among six legatees, of whom the claimant was one. Under this power in the will, certain land was sold by the executors, and at the sale was bid off by one Strain, who received a conveyance, and on the same day conveyed to the persons who acted as executors, in their individual names, as tenants in common. They took and held possession for several years, having returned to the court of ordinary the sale, and charged themselves with the price. Heard conveyed his interest (his wife, the claimant, joining him) to Inman, Swann & Co. After this, the land was partitioned

between that firm and their co-tenants. The estate of Willis has been wound up and his executors discharged by judgment of the ordinary. The execution now levied upon the land issued from a decree in favor of the plaintiff, charging it with the payment of his debt. Some ten or twelve years elapsed from the close of the administration to the filing of the claim. The property was found subject. The claimant moved for a new trial, which was denied, and she excepted. See the case just preceding this.]